Chesterfield Sewer & Water, Inc., an Illinois Corporation, Plaintiff, v. Citizens Insurance Company of New Jersey, Hartford Fire Insurance Company Group, Defendant-Third Party Plaintiff-Appellant, v. Pete Palumbo, d/b/a Palumbo Excavating Company, Third Party Defendant-Appellee.

Gen. No. 49,273.

First District, Second Division.

January 26, 1965.

Rehearing denied March 2, 1965.

B. F. Martin, of Chicago (Stewart I. Gartner, of counsel), for Citizens Insurance Company of New Jer-

sey, Hartford Fire Insurance Company Group, appellant.

John H. Hanson, of Chicago, for Pete Palumbo, d/b/a Palumbo Excavating Company, appellee.

MR. JUSTICE LYONS delivered the opinion of the court:

This is an appeal from an order dismissing an amended third party complaint and denying leave to file a second amended third party complaint.

Chesterfield Sewer and Water, Incorporated, an Illinois corporation, brought an action on an account stated, against the appellant, Citizens Insurance Company of New Jersey, Hartford Fire Insurance Company Group. Thereafter defendant-appellant filed a third party complaint adding as third party defendants the Exchange National Bank, Frank Mauro and Associates and the appellee, Pete Palumbo, d/b/a Palumbo Excavating Company. On motion of the appellee, Palumbo, the third party complaint of the appellant was stricken and leave granted to file an amended third party complaint. A new third party complaint was then filed naming only the appellee. After a hearing on a motion to dismiss, the amended third party complaint was dismissed on motion of appellee and leave to amend was denied, from which order appellant appeals.

The facts are that Chesterfield Sewer and Water Incorporated owned a tractor on which the Exchange National Bank owned a chattel mortgage. Chesterfield defaulted in payments under the chattel mortgage and the Exchange National Bank by its agent, Frank Mauro and Associates, repossessed the tractor. Mauro did not have equipment for transporting the tractor and employed the appellee to transport it. The tractor,

while in the possession of the appellee, subsequently disappeared or was destroyed.

Appellant contends that the allegations in its third party complaint claiming ownership in the plaintiff and possession in the appellee were sufficient to create, as a matter of law, a constructive bailment. Appellant further contends that by virtue of this bailment a duty was placed on appellee to return the bailed property to the plaintiff, and a failure to do so was a breach of the bailment, giving the plaintiff a cause of action against the appellee. This in turn created a right of subrogation in appellant. Appellee denies as a matter of law, ownership in one party, and possession in another, are sufficient to create a bailment. Appellee further contends that appellant did not recite sufficient facts of ownership in the plaintiff and thus did not state a cause of action and that the trial court properly denied appellant leave to amend.

The question to be decided is whether or not the amended third party complaint stated a cause of action, and if not, did the court err in refusing to allow the filing of a second amended third party complaint. To resolve this, three issues must be decided:

(1) Could a constructive bailment be created between the plaintiff and the third party defendant, as appellant contends?

(2) If so, is a "claim of ownership" in the plaintiff as alleged in the amended third party complaint a sufficient statement of fact to state a good cause of action?

(3) If not, did the trial court err in exercising its discretion in refusing to allow the third party plaintiff to file a second amended complaint?

It is conceded by both parties that there is no law in Illinois with reference to the creation of a constructive bailment but the subject is treated in 8 CJS Bailments § 15 at Page 362, the following language appears:

"Although bailments are generally founded on a contractual relation, . . . the agreement of the parties may be quasi and constructive, and an actual contract or one implied in fact is not always necessary to create a bailment."

In 8 Am Jur2d Bailments § 53 at Page 959, a bailment implied in law is recognized:

"Another class of cases in which the law imposes the duty of a depositary without any actual contract for that purpose, is where *the property of one person is voluntarily received by another by delivery from the owner for some purpose other than that of keeping it,* and upon an express or implied agreement of a different kind, which purpose or agreement has been answered or performed, and the property remains in the hands of such party without further agreement. *In such cases the law implies a contract for the keeping of the property until it shall be restored to the owner or his agent,* and the contract thus implied is ordinarily that of a depositary. The holder is bound to take care of, keep, and preserve the property, not for the sake of any benefit to himself or upon any expectation of compensation for his services, but solely for the convenience and accommodation of the owner." (Emphasis supplied.)

In Woodson v. Hare, 244 Ala 301, 13 So2d 172 (1943) at Page 174, the Court said as follows:

93

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person, and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, expressed or implied, to such relationship."

█ It therefore appears that a constructive bailment could be created between plaintiff and the third party defendant as the appellant contends if there was ownership in the plaintiff.

The second issue as to whether or not a "claim of ownership" in plaintiff as alleged in the amended third party complaint states a good cause of action is governed by the requirements of the Illinois Civil Practice Act, Ill Rev Stats 1963, ch 110, par 31, which reads as follows:

"31. (Forms of action.) Neither the names heretofore used distinguish the different ordinary actions at law, nor any formal requisites heretofore appertaining to the manner of pleading in those actions, respectively, are necessary or appropriate, and there shall be no distinctions respecting the manner of pleading between actions at law and suits in equity, other than those specified in this Act and the rules. *This section does not affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity.*" (Emphasis supplied.)

94

The Trial Court had no alternative but to find that appellant had not stated a good cause of action, in their Third Party pleading, but had merely recited a conclusion. This recital did not meet the requirements of the Civil Practice Act, Ch 110, § 31, requiring the pleading of substantial facts in order to state a good cause of action. Surely, without a statement that it owned or had a right to immediate possession of the tractor at the time of the alleged bailment (September 15, 1960), plaintiff could not maintain a good cause of action based on the constructive bailment, and therefore appellants, who take only thru the title of plaintiffs, could not state a satisfactory cause of action. In Church v. Adler, 350 Ill App 471, 113 NE2d 327 (1953) the court, at Pages 478, 479, states as follows:

> "Plaintiff must plead facts which disclose a duty to plaintiff on defendant's part, defendant's breach of that duty and resulting damage to plaintiff caused by breach of duty. . . . Liberality of construction and the rule of reasonable information do not overcome the requirement that sufficient facts be alleged to state a cause of action."

As stated in 2 Nichols, Illinois Civil Practice § 907 (1961) at Page 116:

> "The Civil Practice Act provides that the provision therein which in effect abolishes formal requisites theretofore pertaining to the manner of pleading in ordinary actions at law, and the distinctions between pleadings in actions at law and in equity, 'does not affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity.' Although the act is to be liberally construed, the foregoing section should always be kept in mind.

It does not change in any substantial way the prior rules and hence decisions prior to the act are applicable to a complaint. In short, the complaint, in order to stand, must contain sufficient averments of fact to state a cause of action. The cause of action includes every fact necessary for the plaintiff to prove in order to entitle him to succeed and every fact which the defendant would have the right to traverse."

Further, in § 1004 at Page 177, a Form is set out entitled "Bailment—Action against bailee for loss of property bailed." Keeping in mind that third party plaintiff is essentially basing its action on a bailment. The first allegation is as follows:

"That on the ———— day of ————, 19—, at ————, plaintiff delivered to defendant for ————, [state purpose of delivery], the following personal property, to wit: ————, *of which plaintiff was the owner,* to be safely and securely kept." (Emphasis supplied.)

In Clark, on Code Pleading (2d Ed) § 49 (1947), at Pages 317, 318 under the Pleading Title it is stated:

"In actions involving realty or personalty, it is necessary, in order to show the defendant's duty to the plaintiff, to allege title in the plaintiff. Thus it becomes necessary in actions for injury or trespass to property, real or personal, for conversion of personalty, for the recovery of specific realty or personalty (the modern substitutes for ejectment and replevin), and for equitable relief involving property rights to show the plaintiff's interest in the property in question.

"At common law it was a definite principle that 'the pleadings must show title,' and somewhat extensive rules were developed."

96

■ In the instant case appellant alleges in its third party pleadings that third party defendant took possession of a certain item of property to wit: One Allis Chalmers tractor, which plaintiff, Chesterfield, *claims it owned.* (Emphasis supplied.) In order to show a duty on the part of the appellee, sufficient facts of ownership, possession, or a right to immediate possession in the plaintiff and possession by the appellee had to be alleged, otherwise an ambiguity would exist. We find that appellant's statement of "claimed ownership" was insufficient to satisfy the requirements of the Illinois Civil Practice Act, ch 110, § 31, that pleadings must set out substantial averment of necessary fact to state a cause of action.

We are aware of the other provisions of the Civil Practice Act, which set out that liberality of construction be given pleadings to the end that they should not be so strictly construed that litigants be deprived of their day in court, but here we believe that the filing of amended pleadings would not, or could not change the necessary allegations to meet the requirements for filing a good cause of action.

Now we must consider the third issue, as to whether or not the Trial Court erred in exercising its discretion by refusing to allow the Third Party plaintiff to file a second amended complaint.

■ ■ It is a general principle of law that the Trial Court may exercise discretion in denying a party leave to amend. Authority for this proposition is found in the Illinois Civil Practice Act, ch 110, § 45 (3) and (4), which states as follows:

"(3) Upon motions based upon defects in pleadings, substantial defects in prior pleadings may be considered.

"(4) After rulings on motions, the court *may* enter appropriate orders either to permit or require pleading over or amending or to ter-

97

minate the litigation in whole or in part."
(Emphasis supplied.)

Appellee contends that the Trial Court took into consideration the defects in the prior pleadings and found that the amended third party complaint was substantially the same as the pleading previously ordered stricken, and an order giving appellant leave to amend would have been a futile gesture, as the appellant could not properly plead ownership in the plaintiff in their third party complaint and at the same time deny that plaintiff had "an insurable interest" in the tractor or that "plaintiff had conveyed away title," in their answer to plaintiff's complaint. We agree with appellee's contention and hold the Trial Court did not err nor abuse his discretion in denying appellant leave to further amend. The Trial Court properly dismissed the amended third party complaint on grounds that it did not allege sufficient fact. Further pleadings would have been of no avail to correct these defects.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.