(No. 76-CC-2501

HERBERT DAILEY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 30, 1977.*

POLOS, C.J.

This is a claim brought by Herbert Dailey of Stateville Correctional Center, for the loss of certain items of personal property of the alleged value of $17.90.

At the hearing of this cause, Claimant established by the preponderance of the evidence that on April 28, 1976, Claimant, a prisoner in the Illinois State Penitentiary, Menard branch, was ordered transferred to the Stateville branch. On the day in question he was the owner of and had in his possession in his cell at Menard various items of personal property, such as cigarettes, shaving materials, shampoo, a cigarette roller, and notebooks. In transferring Claimant's personal propety from Menard to Stateville, prison officials had Claimant hand each item of his personal property through the bars of his cell to a guard, who listed the same on a multi-copy inventory form, and who put the items in two cardboard cartons. At the conclusion of the inventorying of Claimant's property, the guard gave Claimant a copy of the inventory and removed the cardboard cartons for shipment to Stateville.

Approximately one week after he arrived at Stateville, the prison authorities at Stateville turned over to Claimant the two cardboard cartons containing his personal property. Upon checking the contents of the cartons against the inventory, Claimant found that certain items were missing. Claimant testified as to which items were missing, and his copy of the Inventory was introduced into evidence as Claimant's Exhibit 1. Sufficient evidence was produced to establish

that the lost items had a fair cash market value of $17.90 at the time of their loss.

Claimant duly filed a grievance with the Stateville Inquiry Board concerning the missing items of personal property, but the missing property was never found.

This Court has held in *Doubling v. State of Illinois 32 Ill. Ct. Cl. 1, (75-CC-833),* decided that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of an inmate's transfer between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized by the Courts:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Company of New Jersey, et al.,* 57 Ill. App. 2d 90, 207 NE2d 84.

In *Chesterfield,* the Court quoted the following language from *Woodson v. Hare, 244 Ala. 301, 13 So2d 172, at 174:*

"An acutal contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship." *Woodson v. Hare, 244 Ala. 301, 13 So2d 172 at page 174.*

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate

burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence. Claimant's prima facie case, therefore, stands unrebutted.

It is therefore ordered that Claimant be awarded the sum of $17.90.