(No. 76-CC-2974—)

ARMANDO ARLES, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1978.*

JANET KELEHER and CATHLEEN COHEN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD GROSSMAN and JAMES STOLA, Assistant Attorneys General, for Respondent.

POLOS, C.J.

This is a claim brought by Armando Arles, an inmate of Stateville Correctional Center, for the conversion of a watch of the alleged value of $125.00.

On April 6, 1976, Claimant was ordered to be transferred from the Joliet Branch to the Stateville Branch of the Illinois penitentiary system.

Prior to his transfer his personal property including the watch in question, was inventoried by a guard at Joliet on the form used for that purpose. Claimant was permitted to keep on his person his watch, rosary, and his belt, but the other items of personal property were transported separately from Joliet to Stateville by truck.

Upon his arrival at Stateville, Claimant was ordered to surrender his watch, rosary and belt to one

Officer Maxwell. He was given a receipt for the watch and told that any member of his family could pick it up. His wife came to Stateville to pick up the watch, but it could not be found. After he filed a grievance, the rosary was returned to him, but he was told that the belt and watch were lost.

Claimant testified that his wife bought the watch in April, 1975, from Lustig Jewelers, in Chicago, Illinois for $125.00.

Respondent's defense consists of correspondence and memorandums from officials at the Joliet Branch to the effect that Joliet records did not show that Claimant had a watch while at Joliet, and if he did he had no permit for it and it was, therefore, contraband.

This negative heresay testimony does not overcome the effect of the official inventory form prepared by a guard at Joliet prior to Claimant's transfer from Joliet, placed in his master record file in Stateville on his arrival at Stateville, and showing that he had a watch. While the watch may have been contraband in Joliet — if he wore it there without permission — the issue is irrelevant, because it never became contraband in Stateville. He surrendered it immediately on arrival, to be picked up by a member of his family.

This Court held in *Doubling v. State of Illinois, 32 Ill.Ct.Cl.1,* that the State has a duty to safeguard and return property which it has taken from an inmate in the course of a transfer. In the present case, Respondent had made admissions, pursuant to Illinois Supreme Court Rule 216, as to the genuineness of four documents which indicate that authorities at the Joliet Branch listed Claimant's watch as an item of his personal property which was being transferred to the Stateville Branch; that authorities at the Stateville

Branch made a notation on Claimant's property sheet that said watch was missing, and that authorities at Stateville did not issue a permit for said watch. These documents demonstrate that Claimant's watch was in fact delivered to agents of the Respondent and that it was not returned to him.

Respondent's failure to return Claimant's watch after it was taken from him by Stateville authorities creates a presumption of negligence. *Clark v. Field, 37 Ill. 2d 583, 299 N.E.2d 676 (1967).* Since Respondent at no time has offered evidence of its freedom from negligence, this presumption has not been rebutted. Therefore, Claimant has established that Respondent failed to utilize reasonable care in insuring the return of his watch.

It is therefore ordered that Claimant be and hereby is awarded the sum of $125.00.