(No. 76-CC-2210— 

SAM STEWART, Claimant, v. STATE OF ILLINOIS, Respondent.

*Opinion filed May 25, 1978.*

POLOS, C.J.

Claimant, Sam Steward, an inmate of Stateville Correctional Center, has brought this action to recover for the loss of certain items of personal property allegedly valued at $49.93.

At a hearing held in this cause, Claimant established by a preponderance of the evidence that on April 6, 1976, he was a prisoner in the Joliet Correctional Center, Joliet, Illinois. He was ordered transferred to the Stateville Branch, and prior to his transfer, his personal property was inventoried by a guard, put in a bag for transfer, and a copy of the inventory was given to Claimant.

When Claimant arrived at Stateville, the prison authorities there turned over to him the bag containing his property. On checking the contents of the bag against the inventory, Claimant found that certain items of property were missing. Claimant introduced into evidence a copy of the inventory made upon his leaving the Joliet Correctional Center, and introduced sufficient evidence to support his contention that the lost items of property had a fair cash market value of $40.00 at the time of their loss.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* decided that the State has a duty to exercise reasonable care to safeguard and return an inmate's property

when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App. 12d, 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence. Claimant's prima facie case, therefore, stands unrebutted.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $40.00.