(No. 77-CC-0872

ANTHONY BEST, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 25, 1978.*

POLOS, C.J.

Claimant, Anthony Best, formerly an inmate of the Joliet Correctional Center at Joliet, Illinois, has brought this action to recover the value of certain items of personal property which he alleges were lost during the course of its transfer from the Cook County Jail to the Joliet Correctional Center.

On February 4, 1977, Claimant was confined at the Cook County Jail in Chicago, Illinois, prior to transfer to the Joliet Correctional Center at Joliet, Illinois. He had in his possession certain items of personal property including a watch, wallet, credit cards, personal papers, a small amount of cash, and a necklace.

Immediately prior to his beginning his journey to Joliet, these items were put in a personal property enve-

lope and carried on a bus, along with Claimant, to the diagnostic depot at Joliet. An officer of the Illinois Department of Corrections had custody of Claimant's personal property during the bus trip to Joliet.

On arrival at Joliet, Claimant requested that his personal property be sent home. Claimant has attached as an exhibit to his Complaint an "Official Receipt" issued by the Joliet Correctional Center for his watch and wallet. The receipt indicates that the watch and wallet were to be mailed to a relative of Claimant in Chicago, and the receipt was signed by Claimant and an officer of the Department of Corrections.

Claimant's Aunt received his wallet, but not his watch.

Claimant purchased the watch at Simon's Jewelry Store in Omaha, Nebraska for $180.60. He said that on February 4, 1977, it was in good working order.

This Court held in Doubling v. State, 32 Ill.Ct.Cl.1, (No. 75-CC-833), decided November 7, 1977, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App. 2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Claimant's prima facie case, therefore, stands unrebutted.

It is therefore ordered, that Claimant be, and hereby is, awarded the sum of $180.60.