(No. 77-CC-2385—

BOB SHELTON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 28, 1978.*

POLOS, C.J.

This is a claim brought by Bob Shelton, an inmate of Stateville Correctional Center, for the loss of certain items of personal property allegedly of the value of $20.45.

At the hearing of the cause, Claimant established by the preponderance of the evidence that on September 23, 1977, he was a prisoner in the Joliet Correctional Center, Joliet, Illinois. On that date he was ordered transferred to the Stateville branch. At that time he was the owner of and had in his possession in his cell at Joliet various items of personal property. Prior to transfer, his property was inventoried by a guard and put in a paper bag and a box for transfer. The items in question are a pair of slacks and a pair of jeans purchased new at the Commissary on September 13, 1977, for $20.45 and never worn. These were among the items placed in the paper sack.

Three weeks after arriving at Stateville he was given all of his personal property except the jeans and the slacks which were not in the paper bag.

Claimant duly filed a grievance, but the missing property was never found.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* deciding that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of and inmate transfer between penal institutions.

In *Bonner v. Coughlin, 517 F. 2d 1311 (1975),* our Court of Appeals acknowledged a prisoner's rights to sue in Illinois Court of Claims for loss of property occasioned by the negligent acts of State employees.

While bailment is ordinarily a voluntary contrac-

tual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App. 2d 90, 207 NE2d 84.*

In *Chesterfield*, the Court quotes from *Woodson v. Hare, 244 Ala. 301, 1350 2d 172, at 174, as follows:*

"An actual contract or one implied in fact, is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence. Claimant's prima facie case, therefore, stands unrebutted.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $20.45.