(No. 77-CC-1310—

SAMUEL CAGLE, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1978.*

POLOS, C.J.

This is a claim brought by Samuel S. Cagle, an inmate of Stateville Correctional Center, for the loss of

certain items of personal property of the alleged value of $943.13.

At the hearing of this cause, Claimant established by the preponderance of the evidence that on June 25, 1976, he was a prisoner in the Illinois State Penitentiary, Menard branch. He was ordered transferred to the Stateville branch. On the day in question he was the owner and had in his possession in his cell at Menard various items of personal property. In transferring these items, prison officials had Claimant stand in his cell and pass each item to one Officer Smith, who was standing outside the cell. Officer Smith listed each item on a multi-copy inventory form, and saw that each item was dropped into a box for shipping.

A copy of the inventory list, signed by Claimant and by Officer Smith, was attached to Claimant's complaint.

The inventory includes a television set, a tape player, and a radio-phonograph, as well as numerous items of clothing and toiletries.

With the exception of certain letters, none of the property that Claimant turned over to Officer Smith was ever returned to him.

Respondent acknowledges that the property was never received at Stateville and never delivered to Claimant. Also attached to Claimant's complaint is a copy of a memorandum, dated December 21, 1976, from Stateville Warden David H. Brierton to Claimant, stating as follows:

"Assistant Warden Wallenstein recently interviewed you on a Call Line in the Safekeeping Unit. You expressed concern about property which you had not received since your transfer to Stateville from Menard Correctional Center. We have reviewed our personal property records and have deter-

mined that the property definitely did not arrive at Stateville with you. Efforts to locate the property at Menard have not been successful, though we will make an additional effort in this area on your behalf. You can expect to receive additional information within one week. I hope this information is responsive to your request."

Claimant is also claiming the loss of a man's wedding ring which he was allowed to wear when he left Menard, but which was taken from him on arrival at Stateville and never returned to him.

This Court held in *Doubling v. State, 32 Ill.Ct.Cl. 1,* deciding that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created betwen an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App.2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate

burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence. Claimant's prima facie case, therefore, stands unrebutted.

In view of the fact that some of the larger items lost by Claimant had been in his possession since 1972 and 1973, the Court must make allowance for depreciation. It is therefore ordered that Claimant be and hereby is awarded the sum of $400.00.