(No. 77-CC-1936—)

BERNARD JOHNSON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1978.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State is liable as a bailee for the return of that property.

The record establishes that on December 13, 1976, Claimant's father sent a 19 inch television set to Claimant at the Joliet Correctional Center as a gift. The television set was delivered to the prison on December 17, 1976, by United Parcel Service and one Sgt. Adams, who was on duty at the front gate, receipted for it. It was then determined that prison rules would not permit Claimant to accept that set, and it was to be returned to the sender by United Parcel Service. It was never returned, however, and disappeared from the office at the front gate of the prison.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* deciding that the State has a duty to exercise reason-

able care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App.2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Here the prison took actual physical possession of the television set for Claimant. The law recognizes delivery to third persons acting on behalf of a donee,

and delivery of the gift was effected when Sgt. Adams signed for the television set. The State thus became the bailee of the television set, and is liable for its loss.

It was established that the television set was purchased for $134.00.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $134.00.