(No. 77-CC-1564—

CHARLES BECO, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 22, 1978.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was

allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State is liable as a bailee for the return of that property.

Claimant has proven, by a preponderance of the evidence, that he ordered an eight track FM radio-tape player from Monroe Merchandisers, Inc., of Chicago, Illinois, which was delivered to the Pontiac Correctional Center on April 11, 1977. The cost of the merchandise, including tax and delivery, was $95.73. On April 11, 1977, United Parcel Service delivered the package to the gate house at Pontiac, and a receipt was signed by one Sergeant Staley. The package, however, was never delivered to Claimant.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* deciding that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App.2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes form *Wooodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such

person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Claimant has proven that the State of Illinois, as bailee, took possession of his radio-tape player, and that the radio-tape player was never delivered to him. Under these circumstances a presumption arises that the State of Illinois was negligent in caring for Claimant's property, and the State of Illinois has presented no evidence to rebut that presumption.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $95.73.