(No. 77-CC-1647—)

CROFFORD HOLIFIELD, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 22, 1978.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State is liable as a bailee for the return of that property.

Claimant has proved by a preponderance of the evidence that the State took actual physical possession of a rug, valued at $3.00, when Claimant was transferred from the Vandalia Correctional Center to the Pontiac Penitentiary, at Pontiac, Illinois. The State failed to deliver the rug to Claimant upon his arrival at Pontiac.

This Court held in *Doubling v. State, 32 Ill.Ct.Cl.1,* deciding that the State has a duty to exercise reasonable care to safeguard and return an imate's property

when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one on possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co., of New Jersey, et al., 57 Ill. App.2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Claimant has established that the State, as bailee, took physical possession of his rug, and failed to return it to him. A presumption of negligence therefore arises,

which the State of Illinois has failed to rebut with any evidence.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $3.00.

Claimant had also sought compensation for bailing hay during June, 1977, as well as for other assigned work while in prison. In review of the evidence herein, the Court finds that Claimant is not due additional sums for work performed while in prison.