(No. 74-CC-0677—

JAMES O. FARNHAM, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1979.*

CATHLEEN COHEN and JAN KELEHER, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State is liable as a bailee for the return of that property.

Claimant has proven that during the course of his transfer from the Joliet Correctional Center to Stateville Correctional Center on May 16, 1972, he relinquished possession and control of items of personal property to agents of the Illinois Department of Corrections. No receipt for the property was given to Claimant, and upon his arrival at Stateville, none of the items were returned to him.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App.2d 90, 207 N.E.2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare 244 Ala. 301, 13 So2d. 172, at 174,* as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Claimant has placed the monetary value of $554.99 upon the lost property. The property lost includes tools, paints and oils, electronic equipment, a slide rule, and other items used by Claimant for a correspondence course in which he was engaged.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $554.99, in satisfaction of his claim.