(No. 76-CC-2863— 

KARL ENDRESS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 1, 1979.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual possession of the State of Illinois, and that the State is liable as a bailee for the return of that property.

The record herein establishes by the preponderance of the evidence that in 1974, while confined at Stateville Correctional Center, Claimant purchased from Goldblatt's, in Joliet, Illinois, a Panasonic radio for the sum of $129.00.

On or about June 23, 1976, prison authorities took possession of Claimant's radio and it has never been returned to him.

Specifically on June 23, 1976, Claimant was stabbed while in the inmate's kitchen. He was first taken to the institution hospital and then to St. Joseph's Hospi-

tal in Joliet, Illinois, where he remained for approximately one month. Following the stabbing, prison officials removed Claimant's property from his cell for safe keeping. Following his release from the hospital, Claimant found some of his property in the office of one of the wardens, but the radio was gone.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1* deciding that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App.2d 90, 207 N.E.2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So. 2d 172, at 174,* as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Claimant's prima facie case therefore stands unrebutted.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $129.00.