(No. 78-CC-0707—

EDWARD M. CAMPBELL, SR., Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 1, 1979.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State is liable as a bailee for the return of the property.

The record herein establishes that on January 17, 1977, Claimant, while confined at Stateville Correctional Center, had in his possession a 12 inch black and white Panasonic television set for which he had paid $82.50. On said date he went out on a writ to the Cook County Jail where he remained until February, 1978. In February, 1978, he was returned to Stateville.

During his absence from Stateville, Claimant's television was confiscated by prison guards, during the course of a shakedown inspection, and it has never been returned to him.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* deciding that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App. 2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of the cause the State presented no testimony to explain the failure of the institution to

return Claimant's items of property to him, and presented no testimony of its freedom from negligence.

Claimant's prima facie case, therefore, stands unrebutted.

It is therefore ordered that Claimant be, and hereby is awarded the sum of $82.50.