(No. 78-CC-0586—▮▮▮▮▮▮▮▮▮▮▮▮)

DOUGLAS BROWN, Claimant, *v*. STATE OF ILLINOIS, Respondent.

*Opinion filed February 18, 1979.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was

allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Ilinois, and that the State is liable as a bailee for the return of that property.

The record herein establishes by the preponderance of the evidence that in July, 1977, Claimant requested permission for a color television set, a gift from friends. He had in his cell at the time a black and white 12 inch Admiral costing $99.00. Residents are not allowed to have two television sets in their cells, so Claimant surrendered the black and white Admiral set to Mr. Elmer L. Maxwell, Property Control Office, to be picked up by a friend. On September 4, 1977, employees at the front gate erroneously gave the television set to the wrong person. The institution has never recovered the television set.

Additionally a pair of work shoes costing $39.93 were confiscated from Claimant on January 22, 1977, by officers of the institution, and never returned, and a sterling silver neck chain costing $30.00 was confiscated from Claimant by officers of the institution on May 8, 1977, and never returned.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* deciding that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App.2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

At the trial of the cause the State presented no testimony to explain the failure of the institution to return Claimant's items of property to him, and presented no testimony of its freedom from negligence.

It is therefore ordered that Claimant be, and hereby is awarded the sum of $168.95.