(No. 77-CC-2122– )

JAMES W. MOORE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 1, 1980.*

JAMES W. MOORE, *pro se*, for Claimant.

ROE, C. J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State of Illinois is liable as a bailee for the return of that property. This court has held in *Doubling v. State*, 32 Ill. Ct. Cl. 1, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property, as during the course of the transfer of an inmate between penal institutions, or when the institution receipts for property.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and voluntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof. *Chesterfield Sewer and Water, Inc. v. Citizens Insurance Company of New Jersey*, 57 Ill. App. 2d 90, 207 N.E.2d 84."

In *Chesterfield*, the Court quotes from *Woodson v. Hare*, 244 Ala. 301, 13 So.2d 172, 174, as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence. *Bell v. State of Illinois*, 32 Ill. Ct. Cl. 664; *Bargas v. State*, 32 Ill. Ct. Cl. 99; *Romero v. State of Illinois*, 32 Ill. Ct. Cl. 631.

In the case at bar, Claimant was transferred from Stateville penitentiary to Menard. Three days prior to Claimant's transfer, his personal property was inventoried by and removed in the possession of a correctional department employee. Upon his transfer to Menard Correctional Center, Claimant's personal property was depleted by the loss of certain packs of cigarettes and commissary food items of a total value of $10.00.

The personal property receipt covering the items which were ultimately lost was introduced as Claimant's exhibit "1", bearing the signature of a correctional officer. Under these circumstances, the burden of proceeding with proof of due care shifted to Respondent. There was no proof of due care and facts are undisputed.

It is therefore ordered that Claimant be awarded the sum of $10.00.