(No. 81-CC-0982– <span style="background:black">     </span>

EDWARD LEE OWENS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 20, 1985.*

EDWARD LEE OWENS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property he allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State of Illinois is liable as a bailee for the return of that property.

This Court has held in *Doubling v. State*, 32 Ill. Ct. Cl. 1, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it

takes actual physical possession of such property, as during the course of the transfer of an inmate between penal institutions, or when the institution receipts for property.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and voluntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." *Chesterfield Sewer & Water, Inc. v. Citizens Insurance Co. of New Jersey* (1965), 57 Ill. App. 2d 90, 207 N.E.2d 84.

In *Chesterfield,* the Court quotes from *Woodson v. Hare,* 244 Ala. 301, 13 So. 2d 172, 174, as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence. *Bell v. State,* 32 Ill. Ct. Cl. 664; *Bargas v. State,* 32 Ill. Ct. Cl. 99; *Romero v. State,* 32 Ill. Ct. Cl. 631; *Moore v. State,* 34 Ill. Ct. Cl. 114.

In this case, Claimant was injured while away from his cell and was immediately transported from medical service to St. Joseph Hospital.

Upon his return to infirmary status at the institution wherein he was an inmate, his private personal property was damaged or stolen. Claimant did not know what

happened to his property at the time he was hospitalized. Claimant admits that he had a cellmate.

Under these circumstances, no presumption arises regarding the responsibility of Respondent and Respondent is not required to come forward with proof of due care. There is no evidence in the record from which it could be determined that Claimant's personal property came into the exclusive possession of Respondent so that upon its loss or destruction Respondent would be under a duty to proceed with proof as to the care that was given the Claimant's property.

It is therefore ordered that the claim is denied.