(No. 84-CC-0582—

CORNELIUS LEWIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 20, 1985.*

CORNELIUS LEWIS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State of Illinois is liable as a bailee for the return of that property.

This Court has held in *Doubling v. State*, 32 Ill. Ct. Cl. 1, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property, as during the course of the transfer of an inmate between penal institutions, or when the institution receipts for property.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and voluntary bailments have been recognized: "A constructive bailment can be created between an owner of the property and one in possession thereof." *Chesterfield Sewer and Water, Inc. v. Citizens Insurance Company of New Jersey*, 57 Ill. App. 2d 90, 207 N.E.2d 84.) In *Chesterfield*, the Court quotes from *Woodson v. Hare*, 244 Ala. 301, 13 So. 2d 172, 174, as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract or bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence. *Bell v. State*, 32 Ill. Ct. Cl. 664; *Bargas v. State*, 32 Ill. Ct. Cl. 99; *Romero v. State*, 32 Ill. Ct. Cl. 631; *Moore v. State*, 34 Ill. Ct. Cl. 114.

This case comes on for hearing on the joint stipulation of Claimant and Respondent without the benefit of a hearing.

From the stipulated facts, it appears clear that this case falls within the realm of personal property cases where a recovery should be allowed.

On March 24, 1983, Claimant's personal property was inventoried and packed in seven boxes, which were sealed with tape. The sealed boxes were admittedly placed in a locked personal property storage room at Menard Correctional Center in the control of Respondent.

When Claimant resumed possession of this property on April 2, 1983, certain of his property was missing, of a stipulated value of $219.19.

There is no proof in the record or facts in the stipulation whereby it may be determined that Respondent was without fault in the loss of Claimant's personal property.

It is therefore ordered that Claimant be awarded $219.19 in full and complete satisfaction of this claim.