(No. 87-CC-0024—)

JAMES FOSTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 19, 1987.*

JAMES FOSTER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

DILLARD, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner and this Court being fully advised in the premises,

Finds that on October 10, 1985, Claimant was an inmate at Pontiac Correctional Center in Pontiac, Illinois. At 11:00 a.m. on that date, he left his cell and had it deadlocked. The Claimant was known by the institution to deadlock his cell whenever he was away for a lengthy period of time. On October 10, 1985 an officer deadlocked the Claimant's cell when Claimant went to the Administration Building. When the cell door closes, it automatically locks and then an officer takes a key and double locks it. Claimant walked back to his cell to be sure the cell was locked. Approximately 2:00 p.m. that date, Claimant returned to his cell and he and an officer noticed Claimant's cell had been taken off deadlock. When the Claimant entered his cell, he found

that items of personal property were missing. He informed an officer immediately of what had happened and made out a claim and incident report.

The property taken was as follows:

(a) A Panasonic radio purchased in January of 1985 for $49.30;

(b) Stereo headphones purchased in February of 1985 for $26.35;

(c) Aim converter box purchased in July of 1985 for $30.00;

(d) Commissary items of food and cosmetics purchased that week for $30 to $50;

(e) Stereo tape player and three cassette tapes claimed in the Bill of Particulars belonging to another inmate. Claimant was repairing the tape player for the inmate. The Bill of Particulars indicates these were worth $56.00. Claimant testified he had to pay the other inmate for the property.

None of the property was ever returned to Claimant. Claimant believed he did everything he could to protect his property. Inmates don't have keys to the cells, only officers have keys. All prisoners have ID's and the officers had sheets showing who belongs in the respective cells. The case was presented to the Department of Corrections Administrative Review Board. The Board split with the majority voting to reimburse Claimant for his loss. The Director, however, overruled the majority.

The officers corroborated that the cell was double locked but when Claimant returned, the double lock had been taken off. This present case is factually similar to *Blount v. State* (1982), 35 Ill. Ct. Cl. 790.

There is no evidence before the Court that anyone else without a key could have taken the property. A presumption therefore arises that this is a constructive bailment which the State has not rebutted. (*Owens v. State* (1985), 38 Ill. Ct. Cl. 150; *Lewis v. State* (1985), 38 Ill. Ct. Cl. 254.) The doctrine of *res ipsa loquitur* is applicable in this case as in *Walker v. State* (1986), 38 Ill. Ct. Cl. 286.

Claimant has proven his case, therefore, the issue remains as to damages. The Claimant proved what he paid for the radio, headphones, converter box, and the commissary goods. He failed, however, to prove the value of the stereo tape player and tapes or what he paid to another inmate for these items. (See *Rivera v. State* (1985), 38 Ill. Ct. Cl. 272.) Furthermore, the items should be reduced for depreciation except those from the commissary. Therefore, it is

Ordered that an award of $125.00 is hereby entered in favor of Claimant, said award being in full and complete satisfaction of Claimant's complaint.