(No. 86-CC-0746—<span></span>

KENNETH JOHNSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1987.*

KENNETH JOHNSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (CLAIRE GIBSON TAYLOR, Assistant Attorney General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner, and this Court being fully advised in the premises,

Finds that on March 5, 1985, Claimant, Kenneth Johnson, was to be transferred from Pontiac State Prison to Shawnee Prison, but due to a disturbance caused by Claimant he was sent to Menard. Prior to leaving Pontiac, Claimant's personal property was inventoried by a correctional officer under the observation of Claimant. Claimant watched the officer seal the boxes. When Claimant arrived at Menard, the personal property was

inventoried by another correctional officer. The following property did not arrive at Menard:

a) two pairs of jeans—purchase date unknown
b) one pair gym shoes—purchased in October
c) twenty-six packs of cigarettes—purchase date unknown
d) three combs—purchase date unknown
e) five bath towels

Claimant placed a value of $100.00 on the above property.

The State presented no evidence, but relied on the departmental report. The departmental report indicated that on March 9, 1985, Claimant signed an inmate personal property receipt stating, "I have received all of my personal property."

This Court has held that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions. *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1; *Arles v. State* (1978), 32 Ill. Ct. Cl. 193.

Claimant's testimony shifted the burden to Respondent to prove due care. Respondent relied upon Claimant's admission in the departmental report in which he stated, "I have received *all* of my personal property." (Emphasis added.) Claimant's admission satisfies the State's burden of proof. (*Moore v. State* (1980), 34 Ill. Ct. Cl. 114.) Upon receipt of the departmental report, the burden shifted back to Claimant to go forward and overcome or at the very least explain his admission. This he failed to do.

188

It is therefore ordered that this claim is denied and Claimant's complaint is dismissed with prejudice.