(No. 77-CC-1238—

CHARLES HUDDLESTON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 22, 1978.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State is liable as a bailee for the return of that property.

Claimant has proved by preponderance of the evidence that in November, 1975, he purchased a Sanyo, 12 inch Solid State, black and white television set for

$79.75, and that on December 15, 1975, he received a personal property permit for the television set from the Stateville Correctional Center. On or about January 13, 1977, the institution confiscated the television set for a 30 day period, and at the end of the period was unable to locate the television.

This Court held in *Doubling v. State, 32 Ill.Ct.Cl.1,* deciding that the State has a duty to exercise reasonable care to safeguard and return a inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App2d 90, 207 NE2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as baillee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply

to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Claimant has proven that the State, as bailee, took actual physical possession of his property. The State has failed to rebut the presumption of negligence which arises when a bailee loses property entrusted to its possession.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $79.75.