(No. 75-CC-1309—▮▮▮▮▮▮)

OPHEN FALCONER, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1979.*

POLOS, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State is liable as a bailee for the return of that property

Claimant has established that on October 1, 1973, while a prisoner at Menard Penitentiary, he was told to leave a personal album containing various pictures with authorities at Menard, when he was taken to Rockford, Illinois, for a Post Conviction Hearing. Upon his return to Menard on January 16, 1974, the picture album could not be found. Claimant was thereafter told that the album had been destroyed.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* deciding that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App.2d 90, 207 N.E.2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows;

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment,

one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State presented no testimony to explain the disappearance of Claimant's property, and presented no testimony of its freedom from negligence.

Claimant has established that the State of Illinois took actual physical possession of his property, and that the property was lost while in the possession of the State. Under these circumstances a presumption of negligence arises, which the State of Illinois has failed to rebut.

Claimant testified that he put a market value of $2.00 on each of the 212 pictures contained in the album, that the album which cost $.55 cents, and that there were acetates in the album which cost $.15 cents each. Claimant therefore claims damages in the amount of $447.20. It should be noted that Claimant had been collecting the pictures for a period of eight years.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $447.20, in satisfaction of his claim.