(No. 83-CC-0584–

OREST F. BELVEDERE, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 1, 1983.*

OREST F. BELVEDERE, JR., *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause was a resident of Stateville Correctional Center. He has filed suit for loss of personal property that occurred on May 21, 1981, when he was a resident of Pontiac Correctional Center. Claimant was taken from his cell to a hospital in Pontiac, Illinois, for medical attention, at approximately 6 o'clock in the morning. His cell mate was a barber in the institution barber shop and he left the cell about 6:30 a.m. for breakfast and to report to work. The cell was vacant thereafter.

At approximately 11:45 a.m., a fire was discovered in the cell. The State fire marshal, after investigation, concluded that the fire was caused by a cigarette smoldering on a mattress in the cell. Claimant's property was totally destroyed in the fire.

On May 20, 1981, the day before the fire, Claimant learned he would be going to the hospital the next day and he expressly asked a cell house sergeant and a lieutenant to store his property in a store room. Contrary to departmental regulations, they refused to do so even though his property at that time was stored largely in boxes as a result of having just moved from one cell house to another. Both the sergeant and the lieutenant refused to remove his property, as requested by Claimant, with the result that the property was destroyed in the fire.

Claimant testified at some length as to the loss he had incurred and his claim was further substantiated by resident personal property permits and various other documents that were introduced at the time of the trial.

Claimant's original claim was for $5,369.00. It ap-

pears to the Court that the value of the property lost was at least $3,500.00.

This Court has held that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual and physical possession of such property. See *Scott v. State* (1978), 32 Ill. Ct. Cl. 756.

In the present case, the State did not take actual possession of the property in question, although it is the Court's opinion that the request made by Claimant that they do so, which request was made the day before the loss incurred and was denied, places the Respondent in the position of having failed to abide by its own rules. It is interesting to note that the Respondent did not introduce any evidence as to the reason for the refusal of the sergeant and lieutenant to take possession as requested by Claimant.

It is also interesting to note that the Claimant's cell was vacant for several hours before the fire actually occurred which is strong evidence of the fact that someone else was in the cell and left the cigarette which caused the fire.

It is the Court's opinion that the failure of the sergeant and lieutenant to take possession of the Claimant's personal property as he requested was the proximate cause of the loss that occurred. Claimant is therefore awarded the sum of three thousand five hundred ($3,500.00) dollars, in full, final and complete settlement of all his claims.