No. 87-CC-0505–

JACK EVANS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 28, 1989.*

JACK EVANS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

Claimant is seeking $300 in damages. He alleges the State lost certain items of his personal property when the State took control of the property as he was transferred from one prison to another. The evidence consists of the departmental report filed October 23, 1986, the transcript of testimony heard before Commissioner Robert Frederick, and Claimant's Exhibits 1 and 2. The Respondent filed a brief, but Claimant did not file a brief. Commissioner Frederick has duly filed his report.

In September of 1985, while Claimant was a prison inmate at the Menard Correctional Center, he was remanded to McLean County. On November 14, 1985, after resentencing, he was sent back to Menard. Before leaving, a personal property inventory was completed for Claimant's property which is Claimant's Exhibit 1. An Officer Bell filled out the November 14, 1985, inventory. However, Claimant was first sent to Joliet before going to Menard. Though he was not to be at Joliet for more than a few days, he wound up staying there for four weeks. All of his personal property except for his cigarettes and photographs were stored by the Department of Corrections (DOC). The personal property of Claimant was placed in a green garbage can liner and was to be sent to Menard. On December 10, 1985, Claimant was finally sent to Menard. Claimant filled out his personal property record which is Claimant's Exhibit 2. This consisted of all property in Claim-

ant's possession at that time and not property being held by DOC in storage.

When Claimant arrived at Menard he found that the previously stored property consisting of legal documents, a legal book, and some clothing did not arrive. Claimant was told by an officer that the property would be coming on the next transfer bus, but the property never was returned to Claimant. The missing items are legal documents, the legal book, dress shoes, two pairs of underwear, three pairs of white socks, and a two-piece suit which belongs to the State. The departmental report indicates Claimant would not be charged for the lost State clothing. The legal documents were three court files. The cost of recopying the two files from McLean County for Claimant comes to $111 and to copy the one court file from De Witt County comes to $43.50. The legal book was *Constitutional Rights of the Accused* and cost $40. The underwear cost $6 the white socks cost $3. No proof was offered as to the value of the dress shoes.

This Court held in *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property during the course of the transfer of an inmate between penal institutions. The Claimant has established a bailment, the loss of property and the reasonable value of the loss at $203.50. The Claimant through his testimony has raised a presumption of negligence which has not been rebutted by the State. (*See Rock v. State* (1978), 32 Ill. Ct. Cl. 664; *Moore v. State* (1980), 34 Ill. Ct. Cl. 114; *Davis v. State* (1978), 32 Ill. Ct. Cl. 666.) In fact, the State presented no evidence to rebut the presumption of negligence. The departmental report

referred to another inventory but such inventory, if it exists, was never presented to the Court.

Based on the foregoing, it is hereby ordered that Claimant be awarded $203.50. It is further ordered that the State's motion to revoke Claimant's *in forma pauperis* status be denied.