(Nos. 77-CC-1186 & 77-CC-0726, Consolidated —

KENNETH J. CATENACCI, Claimant, *v.* STATE OF ILLINOIS, Respondent.

ELMER KARNUTH and LILLIAN KARNUTH, Claimants *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 2, 1978.*

POLOS, C.J.

Claimant, Kenneth J. Catenacci, an inmate of an Illinois penal institution, seeks an award of $98.70 for the loss of a Panasonic stereo radio and tape player from his cell at the Stateville Correctional Center. Claimants, Elmer Karnuth and Lillian Karnuth, seek an award of $106.93 for a cassette player, headphones, and cassettes purchased by them for Claimant Catenacci while he was an inmate at Stateville Correctional Center, but never delivered to him.

The State did not offer any rebuttal to Claimants' testimony, and the record establishes the following facts without dispute.

Claimant Catenacci's grandparents, Elmer Karnuth and Lillian Karnuth brought a Panasonic AM-FM eight track stereo radio for Claimant from the K-Mart Store in Joliet, Illinois, for $98.70. The radio was delivered to Claimant through the office of one Mr. Maxwell, the institution property officer, on May 9, 1977. The next day, May 10, 1977, while Claimant was out of his cell for the noon meal, the radio was stolen from his cell. When Claimant returned to his cell from eating, he found that his cell, contrary to institution rules, was unlocked. Institution authorities have never been able to find the radio.

Claimant's claim is founded on negligence. Contrary to institution rules, the guard in the tower, who controls the cell doors by means of an electric switch, failed to lock the cells while the gallery residents were in the dining room eating. It is Claimant's contention that the guard in charge of the cell block could have anticipated that when he left the cell doors unlocked, contrary to institution rules, unauthorized persons would enter the unlocked cells and steal various items. Further, by virtue of the tower being in the center of the cellhouse, the tower guard can see persons going in and

out of the various cells. Therefore, Claimant alleges that the tower guard was additionally negligent in failing to notice someone enter Claimant's cell and carry away Claimant's radio.

With respect to the claim of Claimants Mr. and Mrs. Karnuth, the record establishes that in February, 1977, they paid $106.93 for a cassette player, headphones, and five cassettes to be shipped to their grandson by the dealers from whom they were purchased. The items were signed for by one Sgt. Adams at Stateville, the employee who accepts incoming merchandise for the inmates, but they were never received by inmate Catenacci.

This Court held in *Doubling v. State, 32 Ill. Ct. Cl. 1,* that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have been recognized:

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App. 2d 90, 207 NE 2d 84.*

In *Chesterfield,* the Court quotes from *Woodson v. Hare, 244 Ala. 301, 13 So2d. 172, at 174,* as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the

possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

Here the evidence shows that the State took physical possession of the cassette player, headphones and cassettes shipped to Catenacci by Mr. and Mrs. Karnuth, and as such became liable to them for the value of that property when it was lost.

However, this Court also held in *Bargas v. State, 32 Ill.Ct.Cl.___,* that the State does not owe a duty to inmates of its penal institutions to safeguard property which inmates keep in their cells from pilferage from other inmates. Claimant alleges that his stereo radio was stolen from his cell, and under the Court's reasoning in *Bargas,* such loss is not compensable.

It is therefore ordered that Claimant Elmer Karnuth and Lillian Karnuth be, and hereby are, awarded the sum of $106.93.

It is further ordered that the claim of Kenneth J. Catenacci be, and hereby is, denied.