(No. 85-CC-168█

GREGORY MACON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 10, 1985.*

GREGORY MACON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (G. MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This cause having come for consideration on the Respondent's motion to dismiss and the Court being duly advised in the premises:

Finds, that Claimant's complaint states that the negligence of the Illinois Department of Corrections resulted in his not being allowed to attend his mother's funeral. He seeks $15,000.00 as compensation for mental suffering. Respondent has moved to dismiss the complaint for failure to state a cause of action.

While Claimant's complaint does allege mental suffering, it does not allege any physical impact or symptom as a result thereof. No recovery may be had for the negligent infliction of mental distress, absent some physical manifestation of the distress. See *Daniels v. Adkins Protective Service, Inc.* (Miss. 1971), 247 So. 2d 710 (no recovery from mental distress absent physical injury or physical manifestation of distress).

Further, the granting of a funeral furlough is a matter of administrative discretion. Based upon Claimant's record compiled during his incarceration, it cannot be said that the discretion of the Department of Corrections was abused. Hence, this Court will not review the exercise of such discretion. *Holmes v. State* (1978), 32 Ill. Ct. Cl. 275.