(No. 88-CC-0665— )

EDDIE LEE FLOWERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 11, 1989.*

EDDIE LEE FLOWERS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (GREG RIDDLE and CAROL BARLOW, Assistant Attorneys General, of counsel), for Respondent.

DILLARD, J.

This cause comes on to be heard following a Commissioner's report. Claimant, a prisoner in the custody of the Illinois Department of Corrections, filed his complaint in the Court of Claims seeking $400 for the loss of a gold chain. The cause was tried before the Commissioner. The evidence consists of the departmental report and the transcript of trial in two volumes. Neither the Claimant nor the Respondent filed a brief.

### The Facts

Claimant seeks $400 for a $221 gold chain he alleges was sent to him in prison on September 9, 1986, by his wife, and for his legal work, paper, xeroxing, and "agitation." Mr. Flowers testified that his wife sent him

an insured gold chain by mail. According to the Claimant, the postal service advised him that the prison chaplain had received the gold chain. Allegedly, the prison chaplain told Claimant that the gold was not "important" and he could "wait." After four or five months, Claimant was advised by prison authorities that they had received no gold chain sent to Claimant. According to Claimant, a tracer indicated the package was received at the prison institution by Chaplain Henderson who subsequently was fired. Claimant had attached to his complaint a copy of a jeweler's receipt for a $117.50 chain and a postal receipt indicating insurance coverage on a package sent to the Menard Correctional Center on September 16, 1986, for $150.

Claimant presented no tracer and no other documentation that the gold chain was received at the State institution. The only evidence was his own hearsay testimony. Flowers said he had lost a piece of paper from the postmaster for Menard, Illinois, indicating the gold chain was delivered to the prison mailroom. Claimant further testified that he sought $400 because that was the original price of the chain but his wife got a 40% to 60% discount. Claimant alleged the gold chain was sent, received by the institution, and then stolen.

The Commissioner continued the hearing to give Claimant time to obtain documentation as to receipt by the institution of the gold chain from the postal authorities, his wife, or any other source. At the continued hearing, the Claimant presented no new documentation or a postal tracer to support his claim. The State indicated that they had learned that on September 19, 1986, the prison did receive a letter for Inmate Flowers but there was no record as to what it contained.

Finally, Claimant testified at the second hearing that he really had purchased two items of jewelry, a chain and a medallion that cost $160.53 in total. One chain was purchased at "Zayles" in November of 1985, and the medallion at "Carson's" on September 10, 1986. However, the cancellation marked postal receipt attached to Claimant's complaint was stamped "Champaign, Illinois," November, 1986, well after the September 16, 1986, date of claimed loss. It was further brought out that in Claimant's grievance to the prison authorities, he only claimed the loss of a chain and not the loss of a medallion. Claimant testified that under Department of Corrections rules, every chain must have a medallion or it would be sent back.

## The Law

The court has held in *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property or when the institution receipts for such property. (*Lewis v. State* (1985), 38 Ill. Ct. Cl. 254.) Such actual physical possession creates a bailment. The loss of bailed property while in the possession of a bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. (*Catenacci v. State* (1978), 32 Ill. Ct. Cl. 669.) However, this Court has repeatedly held that before a recovery can be made by an inmate, it must be shown by positive proof that Claimant's property was in the exclusive possession of the Respondent. *Talley v. State* (1983), 35 Ill. Ct. Cl. 828.

As in *Talley*, a similar lost-mail case, Claimant unfortunately herein has failed to present positive proof that his property was in the exclusive possession of the

State. The Claimant was given chances at two separate hearings to present proof of the tracer to show just what property the U.S. Postal Service delivered to the prison on September 16, 1986, and who signed for it. This he did not do even though the Commissioner admonished Claimant to do so. The only proof was the Claimant's own hearsay statements. With the inconsistencies as to the claim for a chain and then also a medallion, and the November 1986 stamp on the postal receipt, Claimant has failed to meet his burden of proof.

Therefore, it is ordered that this claim be denied.