(Nos. 84-CC-3194, 86-CC-1254 cons.—

RICHARD BLACK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 19, 1993.*
*Order filed February 8, 1995.*

RICHARD BLACK, *pro se*, for Claimant.

JIM RYAN, Attorney General (PHILLIP J. ROBERTSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This claim seeks recovery against the Department of Corrections for the State's alleged violations of section 3—11—1(a) of the Unified Code of Corrections (730 ILCS 5/3—11—1(a)), which provides for furloughs for people who are committed to the Department of Corrections.

At the time of occurrence complained of herein, both Claimants were inmates at Stateville Correction Center, Joliet, Illinois. They made requests for furloughs pursuant to the statute cited above, for the purpose of attending their brother's wake. The furlough was granted, and the inmates were advised of the conditions of that furlough before their departure. Those conditions included a charge of $74 to cover the necessary expenses for correctional officers to accompany the inmates on the furlough, and the fact that the inmates were to have close supervision and constant restraints.

The inmates left the institution for the funeral furlough on May 17, 1982. On May 16, 1984, the Claimants filed a complaint against the Department of Corrections

seeking $20,150 in total damages. A hearing was held June 7, 1988, before a Commissioner of this Court at which only Claimant Holice Black appeared. He offered no additional testimony, but simply reasserted the allegations stated in the complaint.

Those allegations set forth in the complaint are as follows:

## Count One

Claimants contend they were wrongfully denied furlough and seek $10,000 compensation.

## Count Two

Claimants contend they were improperly charged $74 in travel expenses.

## Count Three

Claimants allege they were unnecessarily shackled and accompanied by guards.

The evidence is clear and undisputed regarding this claim. Claimants were granted resident furloughs, and left Stateville for the purpose of the wake on May 17, 1982. The allegations as to the denial of the furlough are without basis and are therefore denied.

The Statute cited above provides in part as follows:

"° ° ° The Department may make an appropriate charge for the necessary expenses of accompanying a person on furlough ° ° °." 730 ILCS 5/3—11—1(a).

Charges in this case were based on the need for two officers to accompany the Claimants for one-half day each at $55 per day plus 100 miles at 19 ($.19) cents per mile. The charges assessed were appropriate and reasonable. Therefore, the claim for reimbursement of the furlough expense is denied.

The Department of Corrections determined that the Claimants could have a furlough, but they should be under close supervision and in constant restraints. This decision is clearly within the authority of the department, and reasonable in light of the fact that Claimants were convicted of murder and armed robbery.

The complaint alleged mental distress; however, it failed to allege any physical impact or symptom as a result thereof. This Court has ruled previously that there will not be recovery for mental distress without physical manifestation. (*Macon v. State* (1986), 37 Ill. Ct. Cl. 326, 327.) Therefore, the claim as a result of being shackled, is denied, as well as recovery for alleged mental distress.

For reasons stated above this claim is denied.

## ORDER

PATCHETT, J.

Claim 84-CC-3194 sought recovery against the Department of Corrections and the State of Illinois for alleged violations of section 3—11—1(a) of the Unified Code of Corrections (730 ILCS 5/3—11—1(a)), which provided for furloughs for people who are committed to the Department of Corrections.

Originally this claim was filed by two brothers, Richard Black and Holice Black. A hearing was held, and Holice Black testified. Based on that testimony, this Court entered an order on October 19, 1993, denying recovery as to both Claimants.

In April 1994 this Court granted Claimant Richard Black's motion to vacate. This was granted because his claim had been denied without Mr. Black being able to appear and present testimony on his own behalf. The

Court remanded the case to a Commissioner of this Court to conduct a hearing for Mr. Black.

On October 12, 1994, a Commissioner of this Court appeared at the Pontiac Correctional Center, Pontiac, Illinois, to conduct a hearing. Proper notice had been sent to Mr. Black. An employee of the Department of Corrections indicated to the Commissioner that Mr. Black refused to appear. The State then called Sgt. Reider who testified that she was an employee of the Department of Corrections. She further testified that on October 12, 1994, she was assigned to the visiting room. All inmates receiving visitors or court appearances had to proceed through her security "shake down" room.

Sgt. Reider testified that Richard Black, despite having been given several opportunities, refused to proceed through the security channels. Sgt. Reider further testified that officer Gerber advised Mr. Black that if he refused to proceed through security and appear in court, his claim might be jeopardized. The Claimant persisted in his refusal to go through the security check.

Illinois Court of Claims Regulations state as follows:

"A case may be dismissed for want of prosecution where the Court determines that the claimant has made no attempt in good faith to proceed." (74 Ill. Adm. Code 790.260)

Because the Claimant has not made a good faith attempt to proceed, we are hereby dismissing case No. 84-CC-3194 for want of prosecution.

Mr. Black also had a claim for alleged property loss in case No. 86-CC-1254. This claim was also set for trial on October 12, 1994. As previously indicated, Mr. Black refused to appear before the Commissioner of this Court. This case is consolidated with No. 84-CC-3194 for the

purposes of issuing this order. Case No. 84-CC-3194 is also dismissed for want of prosecution.