(No. 96-CC-2194-

HOMER JAMES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1998.*

HOMER JAMES, *pro se.*

JIM RYAN, Attorney General (DIANN K. MARSALEK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against Respondent for property allegedly lost or stolen while in Respondent's possession while Claimant was a resident of Dixon Correctional Center ("Dixon").

A hearing was held by Commissioner Mathis at Dixon Correctional Center. The record includes the transcript of testimony and Respondent's exhibit 1 which is the departmental report. Claimant filed a brief, but Respondent has not.

Claimant testified as follows. On March 1, 1995, Claimant was transferred to Dixon from Pontiac Correctional Center ("Pontiac"). He arrived at Dixon with his property which included a 13-inch Zenith color television. He spent his first night at Dixon in temporary holding in the basement of the health care unit ("HCU"). On March 2, 1995, he was given a pass to go to the personal property office to pick up his property. He received his property which included the television set. Due to crowded conditions in the HCU, Claimant asked personal property officer Diaz if he could leave his television in the personal property office. He was told that he could either send it home or take it with him. Claimant then took the television with him to the HCU and asked an officer if there was anywhere he could put his property until he was assigned to a cell. The officer said Claimant could put his television in room B111 ("B111") which is a locked closet without inmate access. Claimant's television was placed in B111 after Claimant received the officer's assurance that it would be safe there.

When Claimant attempted to retrieve the television on March 10, 1995, he found that it was missing. Claimant filed a grievance regarding the matter which was ultimately denied by the Administrative Review Board ("ARB") in a letter dated June 2, 1995. The letter is contained in Respondent's exhibit 1, the departmental report, which states in pertinent part:

"This matter was addressed by the grievance officer on March 30, 1995. The facts reviewed state: 'IIB notes that allegations of missing property have been substantiated. IIB notes the Inmate James received the TV (Zenith 13" Color, Model S1320S, Serial Number GQ3LA29256) from Dixon personal property on March 2, 1995. The IIB notes that any property an inmate does not wish to keep in his possession may be returned to personal property for disposition in accordance with Departmental Rules. IIB notes Inmate James voluntarily placed the TV in Room B111. It is noted that Room B111 is not a designated personal property storage area and does have limited inmate access to it. Staff reports indicate that the TV was placed in Room B111 on

March 2, 1995, and discovered missing on March 10, 1995. It is assumed the TV has been removed when persons unknown and attempts to locate TV has been inconclusive. Based on the fact that Inmate James voluntarily placed the TV in room B111, which is not a designated personal property storage area and they did not return the TV to personal property for proper disposition, the IIB recommends the grievance be denied.'

\* \* \*

Recommendation: Based on a total review of all available information, this office recommends your grievance be denied. It is the opinion of this office the alleged loss was not the result of misconduct by staff and that you had the option of taking your property with you but refused."

Claimant found the ARB's decision to be confusing because he did take the television with him when he left the personal property office because he did not want to send it home. Claimant contends he is entitled to be compensated for the television and mental anguish associated with the incident because a Dixon correctional officer's disregard of department rules and regulations led him to believe it was appropriate to place his television in B111. Claimant further contends that a bailment was established when his television was placed by a Dixon correctional officer in B111, which was a locked room.

Respondent presented Officer Richard A. Skibinski, a relief personal property officer at Dixon, as a witness. Officer Skibinski was familiar with the storage area, B111, where Claimant's television was placed. It was an area where the personal property officer stored extra packing boxes as well as sterilized health care equipment. There were two doors to access the room. The exterior door could be accessed by anyone carrying a master mogul or AG master key. The health care roving officer could get through the exterior door with an AG key. A GM key would be needed to access the interior door. Officer Skibinski believed that key was only on the ring that was assigned to the officer who was in the basement. Officer Skibinski testified that inmates who were not escorted did

not have access to B111. Officer Skibinski further testified B111 was not a designated area to store a television.

The State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual possession of such property, as during the course of a transfer of an inmate between penal institutions or when the institution issues receipts for the property. (*Doubling v. State* (1976), 32 Ill. Ct. Cl. 1; *Lewis v. State* (1985), 38 Ill. Ct. Cl. 254.) Such actual physical possession creates a bailment. The loss of bailed property while in the possession of a bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. (*Catenacci v. State* (1978), 32 Ill. Ct. Cl. 669.) However, this Court has held that before a recovery can be made by an inmate, it must be shown by positive proof that Claimant's property was in the exclusive possession of Respondent. *Talley v. State* (1983), 35 Ill. Ct. Cl. 828.

This Court finds that Claimant has proved that Respondent took actual and exclusive possession of his television. The grievance denial letter from the ARB, which was previously quoted in this report admits that the television was placed in B111 on March 2, 1995, and found to be missing on March 10, 1995. Even though B111 was not a designated personal property storage area, Claimant was permitted to have his property stored there. He stored the property in B111 after being assured that his property would be safe. Officer Skibinski testified that it was necessary to access two locked doors to enter B111. He believed that the key to enter the interior door was only on the ring that is assigned to the officer who was in the basement. He also testified that inmates who were not escorted did not have access to B111. These facts are sufficient to prove Respondent had actual and exclusive possession of Claimant's television. A presumption of

negligence on the part of Respondent therefore arises since Claimant has proven the television was lost while in Respondent's possession. This Court finds that Respondent has failed to present evidence of due care to rebut the presumption of negligence. Respondent is therefore liable for the loss of Claimant's television.

Claimant testified that he purchased the television in December of 1994 for $230 while he was at Pontiac. He did not present any other evidence of value of the television. In these situations the Court has determined that it must place a value on the lost property and depreciation is given consideration in determining the value. (See *Holland v. State* (1992), 45 Ill. Ct. Cl. 343.) Taking into consideration that Claimant's television was approximately three months old when it disappeared, it is recommended that Claimant be awarded $200 for the loss of the television.

It is our finding that the remainder of Claimant's claim seeking compensation for the mental anguish associated with this incident be denied since Claimant has failed to prove any physical impact or symptom as a result thereof. This Court has ruled previously that there cannot be recovery for mental distress without physical manifestation. *Macon v. State* (1986), 37 Ill. Ct. Cl. 326; *Black v. State* (1993), 47 Ill. Ct. Cl. 81.

Based on the foregoing, it is ordered that Claimant is awarded $200.