1

JOHN DOUBLING, Claimant, *v.* STATE OF ILLINOIS,
Respondent.

*Order filed January 2, 1976.*

PERLIN, C.J.

This is one of several actions pending in the Court of Claims wherein inmates of Illinois penal institutions are seeking damages for the alleged loss of items of personal property incurred when they were transferred between institutions.

The complaint herein alleges that on February 1, 1974, the Claimant had in his possession at the Illinois State Penitentiary, Menard Branch, certain items of personal property having a value of $183.82; that in mid-February he was ordered transferred to the Stateville Branch of the Illinois State Penitentiary; that he was not permitted to take his personal property with him during the course of the transfer, and that he accordingly delivered that property to an agent of the Department of Corrections for subsequent delivery to him at Stateville.

The complaint further alleges that when he arrived at Stateville Claimant was informed that his property was missing and could not be returned to him.

Claimant seeks damages for the value of that property, on the theory that it was negligently converted by Respondent's agents. Respondent has moved for a dismissal of this claim, contending that the complaint fails to state a cause of action upon which relief can be granted. Respondent asserts that the State of

Illinois is under no duty to inmates of its penal institutions to utilize due care in safeguarding their property.

We have held in *Bargas, et al. v. State of Illinois, 32 Ill.Ct.Cl.* that the State does not owe a duty to inmates of its penal institutions to safeguard property which they keep in their cells from pilferage by other inmates. The instant case presents a substantially different situation, however. Here it is alleged that at the instance of the State, Claimant was required to deliver his personal property to an agent of the State pending his transfer to another penal institution.

In this circumstance, where the State has taken actual physical possession of an inmate's property during the course of his transfer between penal institutions, a duty does devolve upon the State to utilize reasonable care to safeguard and return the property to an inmate once he reaches his new institution.

We hold only that the complaint herein does state a cause of action. The burden rests upon the Claimant to prove, by a preponderance of the evidence, that the property described in the complaint was in fact delivered to an agent of Respondent; that it was not returned to Claimant; that Respondent did not utilize reasonable care to insure its return; and the value of the property allegedly lost.

It is therefore ordered that Respondent's motion to dismiss this action be, and hereby is, denied.

This cause coming on to be heard on the motion of Claimant's attorney to dismiss, without prejudice;

And the Court being fully advised in the premises that Claimant has moved and can no longer be located.

It is hereby ordered that this cause be, and hereby is, dismissed without prejudice.