(No. 80-CC-0752—)

ALBERT GAMMONS, Claimant, *v.* THE STATE OF ILLINOIS, Respondents

*Opinion filed July 10, 1981.*

ALBERT GAMMONS, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Claimant, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property of which he was allegedly

possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State of Illinois is liable as a bailee for the return of that property. This Court has held in *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property, as during the course of the transfer of an inmate between penal institutions, or when the institution receipts for property.

While bailment is ordinarily a voluntary contractual transaction between bailor and bailee, various types of constructive and voluntary bailments have been recognized: "A constructive bailment can be created between an owner of the property and one in possession thereof." (*Chesterfield Sewer and Water, Inc. v. Citizens Insurance Company of New Jersey*, 57 Ill. App. 2d 90, 207 N.E.2d 84.) In *Chesterfield*, the Court quotes from *Woodson v. Hare*, 244 Ala. 301, 13 So.2d 172, 174, as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence. *Bell v. State of Illinois* (1978), 32 Ill. Ct. Cl.

664; *Bargas v. State* (1976), 32 Ill. Ct. Cl. 99; *Romero v. State of Illinois* (1978), 32 Ill. Ct. Cl. 631.

The Claimant in this case is seeking compensation for the loss of 20 record albums which were confiscated during a general shakedown of the institution on October 3, 1978. His bill of particulars attached to the complaint contains a copy of a receipt he was given indicating that 20 albums were in fact confiscated.

Claimant alleges that he had been informed that the institution would hold the confiscated items for him. In April of the following year he was transferred. At that time he inquired as to the whereabouts of the albums and was informed that they had disappeared and there was no record of them.

The grounds for the confiscation appear to be that Claimant had more albums in his possession than he was allowed. The Department of Corrections issues administrative regulations regarding this subject. At the time of the alleged incident, administrative regulation No. 871, dated February 1, 1977 (since superceded effective December 14, 1979), was in effect. This provides that a resident may have a maximum of 12 records in his possession in the cell. Also in effect was administrative regulation No. 401, dated March 1, 1976. On the subject of excess authorized personal property it states at paragraph H on page 5, that such property, if confiscated as contraband, is to be disposed of in accordance with paragraph K of said regulation. Paragraph K reads as follows:

"K. Disposal of Authorized Personal Property Confiscated as Contraband
1. Such items of personal property shall not be stored at the institution but shall be shipped at institution expense or made available for pick-up at a regular visit to an individual of the free community as designated by the resident (family or friends other than a department employee, unless an

immediate family member). If the items are made available to a designated individual at a regular visit, appropriate identification must be presented and a receipt obtained which includes a description and I.D. number of the items signed for by the receiving party. The receipt shall be maintained in the resident's master file.

2. Exceptions may be made only in the case of a resident who has no known family or friends: safe storage must then be provided.

3. Items shall be shipped in the most economical but safe manner to protect the property. A record of items shipped, signed by the resident and a responsible employee, shall be maintained in the master file, along with any shipping documents. The institution should insure, for the recognized value, the contents of such shipments of confiscated authorized personal property.

4. If the resident indicated his intent to grieve (AR 845) the confiscation of the excess authorized personal property, such property shall be secured at the institution until the grievance procedure is completed."

Respondent's position appears to be that because the records were contraband the State is under no duty to preserve or protect the property. This position is in conflict with the State's own regulations. We find that the State did have such a duty and should be held to the standards contained in its regulations.

The record in this cause therefore establishes a *prima facie* case of a bailment, the effect of which is to shift the burden to Respondent to establish it exercised due care. The Respondent failed to meet this burden.

Claimant seeks $119.80 in compensation for his loss. That amount was arrived at by estimating the value of each album to be $5.99. Taking into consideration the weight of the evidence as to the value of the loss, we find that $100.00 represents a fair amount of damages. It is hereby ordered that Claimant be, and hereby is, awarded the sum of $100.00 (one hundred dollars and no cents) in full satisfaction of this claim.