(No. 81-CC-0547— )

PAUL W. TEDDER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 8, 1987.*

PAUL W. TEDDER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

The Claimant in this case was an inmate in an Illinois penal institution. He brought this action to recover the value of certain items of personal property which he allegedly possessed while incarcerated. Claimant contends that the property in question was lost while in the actual physical possession of the State of

Illinois, and that the State of Illinois is liable as a bailee for the return of that property.

This Court has held in *Doubling v. State*, 32 Ill. Ct. Cl. 1, that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property. An example of this would be the transfer of an inmate between penal institutions or when the institution issues a receipt for certain property.

Bailment is ordinarily a voluntarily contractual transaction between bailor and bailee. However, various types of constructive or voluntary bailments have been recognized. An example arose in the case of *Chesterfield Sewer & Water, Inc. v. Citizens Insurance Co. of New Jersey*, 57 Ill. App. 2d 90, 907 N.E.2d 84. In *Chesterfield*, the Court quoted from another case, *Woodson v. Hare*, 244 Ala. 301, 13 So.2d 172, 174, as follows:

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship."

The loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of going forward with the evidence to the bailee. *Bell v. State*, 32 Ill. Ct. Cl. 664; *Bargas v. State*, 32 Ill. Ct. Cl. 99; *Romero v. State*, 32 Ill. Ct. Cl. 631; *Moore v. State* (1980), 34 Ill. Ct. Cl. 114.

The facts in this case indicate that the Claimant was

taken to the segregation unit without his personal property. After being placed in the segregation unit, he inquired about his property. When he finally received that property, he found that his radio was missing. Correctional officers were unable to determine the whereabouts of the radio.

However, the Claimant was unable to obtain a sworn affidavit from his cellmate who, the Claimant advised, would have testified that the radio was given to an unidentified correctional officer.

Since the Claimant was unable to obtain such an affidavit, he was unable to establish by any evidence that his missing personal property ever came into exclusive possession of the Respondent's correctional officers. Therefore, the burden of going forward with the evidence did not shift to the Respondent. Because of these facts, the Claimant's claim should be denied.

Therefore, this claim is hereby denied.