(No. 87-CC-0411-▆▆▆▆▆▆▆▆▆▆)

REVEREND JOE WOODS, D.D., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 2, 1989.*

REVEREND JOE WOODS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES C. MAJORS, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

The Claimant in this case is an inmate in an Illinois penal institution. He has brought this action to recover the value of certain items of personal property which were lost during his transfer between various institutions. The Claimant has contended that the property in question was lost while in the actual physical possession of the State of Illinois, and that the State of Illinois is liable as a bailee for the return of that property.

This Court has consistently held that the State is liable where they have possession of personal property of inmates and the property is lost through an unexplained act or event. In *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, this Court set forth the standards which an inmate must meet in order to recover an award for the property. There, this Court held that Claimant must plead and prove, by a preponderance of the evidence, that the property described in the complaint was in fact

delivered to an agent of the Respondent, that it was not returned to the Claimant, that the Respondent did not utilize reasonable care to insure its return and the value of the property allegedly lost.

This Court has also consistently held that the State is not liable for the loss of property unless it is in the exclusive possession of the State. For instance, the State is not necessarily liable for the loss of property that an inmate keeps in his cell during that inmate's absence from that cell.

In the case of *Tedder v. State* (1987), 39 Ill. Ct. Cl. 47, we expanded on the holding in *Doubling* to indicate that the loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. Therefore, we feel that for the Claimant herein to recover in the present case, he must prove that the property described in the complaint was in fact delivered to an agent of the Respondent, that it was not returned to the Claimant, that the Respondent did not utilize reasonable care to insure its return and the value of the property allegedly lost. Expanding on the *Doubling* and *Tedder* cases, we feel that once the Claimant has proved that the property was in fact delivered to an agent of the Respondent, then there may arise a presumption of negligence upon the part of the Respondent if the property in question was lost or damaged while in his possession.

In the present case, we find, after reviewing a transcript of the evidence in this case, that in fact the Claimant did have certain personal property placed in the sole and exclusive possession of the Respondent. We further find that certain parts of that personal property were not returned to him, thereby raising the presump-

tion of negligence on the part of the Respondent. Finally, we have considered the evidence brought forth in the hearing as to the value of the items lost. Testimony at the hearing in this case indicated that the items lost by the Claimant included the following:

(a)   15 course and law books, total $500.00
(b)   Dress shoes, total $45.00
(c)   Six law books, total $398.85
(d)   Webster's Dictionary, total $12.00
(e)   Three tee shirts, total $24.00
(f)   Two blue jeans, total $24.00
(g)   Two blue jean jackets, total $28.00
(h)   Paper, total $14.85
(i)   Eight-track tapes, total $134.00
(j)   Three transfer letterings, total $3.78
(k)   Stencils, total $42.00

A more difficult situation arises as to the valuation of two other items of missing personal property. The first of these was a trial manuscript which had been provided to the Claimant free of charge while an indigent defendant in Cook County. At the time of the hearing before the Commissioner in this case, the inmate was attempting to pursue a post-conviction hearing. In order to pursue that post-conviction hearing, he had to have a copy of the trial transcripts. In attempting to obtain another transcript, he was informed that it would cost him the sum of $955.70. This evidence was admitted, and no rebuttal was made.

The Claimant also claimed a loss of numerous personal photographs. Some of these photographs were Polaroids, and some of these photographs were conventional photographs for which there were probably negatives available. However, the actual availability of negatives with which to reproduce the

prints which were lost was not adequately addressed at the hearing before the Commissioner.

We feel that the Claimant has stated and proved a cause of action against the State of Illinois for the loss of his personal property. We feel that he has clearly proven monetary loss of $1,226.48 for the items indicated above. In addition, we believe that he is entitled to compensation for the lost transcripts, even though they were originally provided to him free. Since there was no testimony as to the value of the personal photographs lost or of a reasonable way to replace those photographs, we award the sum of $100 for those photographs. Therefore, we award the Claimant in this the sum of two thousand two hundred eighty two dollars and eighteen cents ($2,282.18).