(No. 91-CC-0630–)

RONNIE HAMILTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 29, 1992.*

RONNIE HAMILTON, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY T. CONDON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

This claim is before the Court on a motion for summary judgment filed by the Claimant and a counter-motion for summary judgment filed by the Respondent. The parties have presented various documents with their motions, and the Claimant has provided by affidavit certain information requested by this Court's order of July 24, 1992.

The facts of this claim are agreed. When the Claimant was moved from Menard Correctional Center to the Dixon Correctional Center in April of 1990, his television arrived at Dixon in a nonworking condition. The television had been working when it left Menard. The Claimant states that "the picture tube and the circuit boards and other inside components, were permanently broken."

The Claimant went through the prison administrative procedures and was awarded $49.12. He contends that a similar television costs $242, and that he should receive the difference between $242 and $49.12, which is $192.88.

The State contends that the Claimant accepted $49.12 in full and complete satisfaction of his claim, and that he signed an agreement releasing the State from liability for damage of his personal property.

It is our opinion that the State's contentions are faulty. The signed release is a part of the Claimant's 1986 permit to have the television. The Claimant had no choice but to sign; and if such presigned releases were effective, no prisoner would ever recover for damage to his property. This Court has consistently held that prisoners can recover for damage to property held exclusively in the possession of the State. Additionally, the State contends that the Claimant is bound by the administrative decision to award him $49.12 and the fact that he accepted the money. In matters such as this, monies awarded from the tort claim fund are placed in the prisoner's trust account. We do not believe that the placing of the money in the trust fund amounts to a full satisfaction and accord agreed to by the Claimant.

The question remaining is whether the amount of $49.12 is adequate. This figure was arrived at by assigning

substantial depreciation. In this case the Claimant either has a working television set or he has nothing, and as the Claimant is a pauper, his being able to raise the entire remaining $192.88 to buy a new set is problematical. The prison administrative procedure may not make low awards and claim such to be binding, thereby depriving the prisoner of his property.

In this claim we believe the administrative award to be so low as to deprive the Claimant of his property. We award the Claimant $175, allowing for some depreciation. It is therefore ordered that the Claimant's motion for summary judgment is granted and the Respondent's countermotion for summary judgment is denied, and the Claimant is awarded $175.