(No. 91-CC-2932-)

RONALD SEATS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 6, 1994.*

RONALD SEATS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (WENDALL HAYES and VERNE DENTINO, Assistant Attorneys General, of counsel), for Respondent.

OPINION

SOMMER, C.J.

This is a prisoner's claim for lost property. The parties agree that the property was lost while in the exclusive possession of the State. When the Claimant was transferred from one institution to another, an inventoried box of his property was missing and never found. The State admits liability under the doctrine of *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.

The only dispute is over the value of the property that was lost. Items lost included a color television set, court transcripts, pencils (15), law books (3), eyeglasses, books (6), playing cards (2), briefcases (2), a magazine, cigarettes (23 packs), photographs of family (8), frames (2).

The State's position is that the loss is the value at the time of loss, not the replacement cost. The State argues that the value of the present lost items was minimal. For example, the State contends that the television, which was two years old, was worth nothing due to depreciation. The State also assigned a flea market value to the books and assigned minimal or no value to the other items.

This Court has ruled in *Hamilton v. State* (1992), 45 Ill. Ct. Cl. 324, that a prisoner's situation is somewhat different than a civilian. When a prisoner loses an item, he must generally go to the commissary to purchase a replacement at the commissary's prices, and due to a prisoner's generally

impoverished condition he often has to do without the lost item if not reimbursed adequately. An excessive assignment of depreciation effectively deprives the prisoner of his property. If the prisoner had a working television set when he was transferred, he should be entitled to a working television set when he arrives. If it does not work or is missing, he has nothing. *Hamilton, supra.*

Due to the prisoner's situation, his testimony as to the commissary cost or original cost is good practical evidence of the value of an item, though certainly some depreciation may be allowed when warranted. *Hamilton, supra.* The values as established by the prisoner's own testimony are not speculative, but are to be weighed by the Commissioner in conjunction with all the evidence before him including the credibility and demeanor of the parties.

The Commissioner found at the hearing that the value of the lost items were $505.45. We will adopt the Commissioner's finding.

It is therefore ordered that the Claimant be paid $505.45 in full and complete satisfaction of this claim.