(No. 90-CC-0741-)

GLENN SMITH, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed January 21, 1994.*

GLENN SMITH, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (VERNE E.
DENTINO, Assistant Attorney General, of counsel), for
Respondent.

OPINION

SOMMER, C.J.

The Claimant, an inmate with the Illinois Depart-
ment of Corrections, seeks judgment against the Respon-
dent, State of Illinois, in the sum of $40.60 for the value of
a Panasonic radio which the Claimant contends was lost or
converted through the fault or neglect of the State of Illi-
nois. The Claimant's complaint alleges that on January 26,
1989, he was possessed of the radio. On that date, he was
transferred from the Illinois State Penitentiary at Joliet to
the Illinois State Penitentiary at Pontiac. Thereafter, the
Claimant alleges that the Respondent's agent advised him
that his property had been stolen from the personal prop-
erty room, and could not be returned to him.

At the hearing, the Claimant testified that he had

purchased the radio for $40.65 at Stateville Correctional Center, and that it could be expected to last four or five years. The radio was successfully transferred because the Claimant testified that he saw the radio after arriving at Joliet. The radio was taken from his possession at Joliet due to disciplinary problems. As a result of the Claimant's grievance, he was reimbursed the sum of $27.20 by the Respondent in spite of the fact that the Claimant had paid $40.65 for the radio. Upon hearing, the Claimant moved that his claim should be reduced to the sum of $13.40 due to the State's reimbursement of the Claimant in the amount of $27.20.

Upon cross-examination it was determined that at the time of the loss, the radio was approximately 12 months old, having been purchased in June of 1988. The Claimant testified that the estimated useful life of the radio was three to four years or possibly longer. The Claimant testified that in the five years preceding the hearing he had purchased three or four radios. The Claimant admitted that the State had apparently computed the amount of his damages by depreciating the value of the radio approximately 33 1/3%.

It appears, from the evidence at the hearing, that the Claimant has been compensated for the loss sustained by him through the voluntary action of the Respondent. The useful life of the radio is admitted to be three to five years. The Respondent paid the Claimant two-thirds of the purchase price of the radio.

This Court has previously ruled that some reasonable depreciation may be taken into account when considering the value of lost property of inmates. (*Hamilton v. State* (1993), 45 Ill. Ct. Cl. 324.) This depreciation depends upon the circumstances of the claim and should not be confiscatory. (*Seats v. State* (1993), 46 Ill. Ct. Cl.

418.) We find in this claim that the depreciation assigned by the department was reasonable and not confiscatory.

Accordingly, it is the judgment of this Court that this claim be denied.