(No. 89-CC-0781-

OLAF EUGENE OLSON, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 25, 1994.*

OLAF OLSON, JR., *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (LAWRENCE C. RIPPE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Olaf Eugene Olson, Jr., an inmate with the Illinois Department of Corrections, seeks money damages from Respondent, State of Illinois, in the sum of $202.75 for the loss of property confiscated by Respondent's agent during a shakedown.

Claimant testified that on October 20, 1987, while he was incarcerated at Pontiac Correctional Center, the shakedown took place. Items of clothing were removed

from Claimant's possession by the agents of the Respondent. These items are listed on the exhibit attached to Claimant's complaint. Claimant filed a grievance and it was ruled to be without foundation. The grievance was denied because of information given to the grievance committee that all of Claimant's clothing had been "ripped" and that Claimant's clothing had been destroyed. Upon Claimant's appeal to the Administrative Review Board, the decision of the Institutional Grievance Committee was affirmed, once again based on the report indicating that the clothing had been torn or altered. At the hearing in this case, Claimant denied that his clothing was ripped or torn when removed from his possession.

The Respondent offered no evidence.

The clothing items in question were fully described in the "Bill of Particulars" set forth in paragraph 9 of Claimant's complaint for a claimed total value of $202.75. Similar items are listed under different names on the shakedown record dated October 20, 1987.

The property alleged to have been confiscated from the Claimant and destroyed is listed as follows:

| | |
|---|---|
| (a) One (1) full power suit | $36.95 |
| (b) One (1) full power suit | $36.95 |
| (c) One (1) full power suit | $36.95 |
| (d) One (1) bench shirt | $36.95 |
| (e) One (1) dead lift shirt | $36.95 |
| (f) One pair squat briefs | $18.00 |

Claimant's Exhibits 1 through 6 were offered and received into evidence as follows:

Claimant's Exhibit 1—Request for Payment dated 11/5/86 for a total of $45.00 for a dead lift shirt and protein;

Claimant's Exhibit 2—Portion of Personal Property Inventory Record dated 7/7/87 showing Claimant's possession of 5 super suits, 1 super suit bottom and 1 knee wrap;

Claimant's Exhibit 3—Personal Property Receipt dated 11/20/86 from Frantz Sports Center for 3 cans of protein powder and one dead lift shirt;

Claimant's Exhibit 4—A Personal Property Receipt dated 7/2/87 from Frantz Sports Center for one squat suit and 2 pair of squat wraps;

Claimant's Exhibit 5—A Request for Payment dated 6/9/87 to Frantz Sports Center for $42.90 for one squat suit and 2 pairs of squat wraps;

Claimant's Exhibit 6—A Shakedown Record dated 7/2/87 showing receipt by Respondent's agents of 4 pairs of super wraps, 1 super suit, and 1 flag football belt.

The values described of the lost items by the Claimant were the purchase price. Claimant testified that one of the squat suits was brand new and cost $36.95. Claimant testified that he had not even had a chance to try it on. The other items were used and had an effective useful life of from two to three years. The other items were less than a year old.

For reasons known only to the agents of the Respondent, Claimant's items of clothing were confiscated from his possession and destroyed. Respondent chose not to introduce any evidence at the hearing. Claimant introduced credible evidence of the value of his clothing and of the fact that he lawfully acquired and possessed some articles of like clothing of an apparent value or cost as set forth in the complaint. Upon the proof in the case at bar,

the burden of proceeding with evidence that the clothing was, indeed, contraband due to its deteriorated condition, or was rightfully removed from the possession of the Claimant and destroyed, fell upon Respondent. (*Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.) The Respondent has failed to meet its burden.

Under these circumstances, the Claimant is entitled to an award of money damages. The Claimant should be awarded the full purchase price of the new "squat suit" valued at $36.95 and two-thirds of the value of the remainder of the personal property claimed using a one-third allowance for depreciation, bringing the total award to $147.48.

For the foregoing reasons, the Claimant is hereby awarded $147.48 in full satisfaction of his claim.