(No. 91-CC-0928—

ANTHONY C. WILKERSON, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed October 5, 1998.*
*Order on motion for rehearing filed February 16, 1999.*
*Order filed February 16, 1999.*

ANTHONY C. WILKERSON, *pro se*.

JIM RYAN, Attorney General (KAREN MCNAUGHT, Assistant Attorney General, of counsel), for Respondent.

## ORDER

HESS, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks damage from Respondent, State of Illinois, in the amount of $1,241.49. This claim for damages is based on allegations that Respondent was responsible for Claimant's loss of personal property that was valued at $1,241.49

Claimant alleges that on December 1, 1989, he was transferred from the F-cellhouse at Stateville Correctional Center to the segregation unit at Stateville Correctional Center. Claimant was unable to take his personal belongings with him as a result of this move. However, an unknown guard or guards did pack Claimant's personal property and move it to the segregation unit.

Claimant refused to testify upon hearing; rather, he alluded to the statements in his "papers" (TR–3). Throughout the entire proceeding, Claimant was unresponsive and argumentative. Claimant made no attempt to introduce evidence during the proceeding which would tend to show that his property entered into the voluntary and exclusive control of the State of Illinois.

This Court, in *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, established factors which a Claimant must prove by a preponderance of the evidence to establish a valid claim against the State. The Claimant must prove "by a preponderance of the evidence that the property described in the complaint was in fact delivered to an agent of Respondent; that it was not returned to Claimant; that Respondent did not utilize reasonable care to insure its return; and the value of the property allegedly lost." (*Id* at 2.) This standard was further refined by this Court in *Woods v. State* (1989), 42 Ill. Ct. Cl. 211, where it was

stated that the Claimant's property must come into the exclusive control of the State. Furthermore, this Court in *Woods* stated that, once the Claimant has shown his property was delivered to the Respondent, the burden of proof shifts to the State of Illinois, requiring the State to show that its actions reasonably insured the safe return of Claimant's property.

In this case, Claimant has utterly failed to offer any evidence which would tend to show that his personal property entered, at any time, into the exclusive control of the State of Illinois. The burden of proof, therefore, does not shift to the Respondent and Claimant's claim must fail.

It is therefore ordered that this claim be, and hereby is, denied.

## ORDER

HESS, J.

Before this Court is Claimant's petition for leave to file petition for rehearing and memorandum and petition for rehearing and memorandum of law. The Court, being fully advised in the premises, states as follows:

Claimant is a prisoner in the Illinois Department of Corrections. He is currently incarcerated in the Pontiac Correctional Center. The underlying claim presented by Claimant is that, during a transfer from the general population to the segregation unit at the Stateville Correctional Center, certain items of Claimant's property were lost. Claimant has contended that these items were in the possession of the Department of Corrections. Therefore, he argues that he should be reimbursed for their value. However, in an order dated October 5, 1998, this Court denied the motion, based upon its finding that the Claimant had not shown the property passed into the exclusive

control of the Department of Corrections as required. *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1; *Woods v. State* (1989), 42 Ill. Ct. Cl. 211.

The Claimant has filed petition for leave along with a petition for rehearing and memorandum. As the Court does not find sufficient basis in the petition for leave, the petition for rehearing and the memorandum of law will not be addressed at this time. Claimant's petition for leave is a three-paragraph pleading within which the Claimant sets forth more than 70 citations from the Supreme Court Rules, Illinois Code of Civil Procedure and the Illinois Court of Claims Act.

Among these citations is a cite to Supreme Court Rule 351, which provides for the sequence and manner of calling cases for oral argument and Supreme Court Rule 306, which provides for the appeal for orders of the circuit court granting new trials and granting or denying certain motions. Claimant then proceeds to cite from the Illinois Code of Civil Procedure. (735 ILCS 5/1—101 *et seq.*) Among the cites offered as justification for his petition for leave are 735 ILCS 5/2—611, a section of the Code which was repealed by P.A. 86—1156, effective August 10, 1990, and 735 ILCS 1002A. Claimant continues to cite extraneous rules from the Court of Claims Regulations such as section 790.210 (74 Ill. Adm. Code 790.210), which provides for an oral argument on the case.

Claimant properly filed the petition for leave of court to file his petition for rehearing. Leave of court is required in this matter because the petition for rehearing filed by Claimant has been filed out of time. The Court's order was entered on October 5, 1998, and Claimant did not file the petition for leave along with the petition for rehearing until January 4, 1999. Section 790.220 of the Court of Claims Regulations (74 Ill. Adm. Code 790.220)

provides, "A party desiring a rehearing in any case shall, within 30 days after the filing of the opinion, file with the Clerk 6 copies of his petition for rehearing." However, Claimant waited for nearly 90 days before filing his petition for leave. Had Claimant outlined a reason for his failure to file within 30 days of the entry of this Court's order in his petition for leave, rather than merely citing to over 70 unrelated provisions of the Supreme Court Rules, Code of Civil Procedure and Court of Claims Regulations, this Court may have been persuaded. However, Claimant's failure to explain to this Court why he was 60 days late in the filing of his complaint is unacceptable.

Therefore, for the above stated reasons, the petition for leave to file petition for rehearing is hereby denied.

## ORDER

HESS, J.

This matter is before the Court on Claimant's motion for leave to file amended complaint. The Court being fully advised in the premises states as follows:

Claimant's original complaint in this matter was dismissed by this Court on October 5, 1998. Claimant now wishes to file what he has styled an amended complaint, but which amounts to a reinstatement of the action. This Court dismissed the original complaint on the merits, as he was unable to meet all of the requirements necessary. The requirements which a Claimant must show are as follows:

This Court, in *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, established factors which a Claimant must prove by a preponderance of the evidence to establish a valid claim against the State. The Claimant must prove "by a preponderance of the evidence that the property described in the complaint was in fact delivered to an agent of Respondent;

that it was not returned to Claimant; that Respondent did not utilize reasonable care to insure its return; and the value of the property allegedly lost." (*Id.* at 2.) This standard was further refined by this Court in *Woods v. State* (1989), 42 Ill. Ct. Cl. 211, where it was stated that the Claimant's property must come into the exclusive control of the State. Furthermore, this Court in *Woods* stated that, once the Claimant has shown his property was delivered to the Respondent, the burden of proof shifts to the State of Illinois, requiring the State to show that its actions reasonably insured the safe return of Claimant's property.

Therefore, Claimant's petition for leave to file an amended complaint is hereby denied.