(No. 97-CC-3673–

DAVID L. DEAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 16, 1999.*

DAVID L. DEAN, *pro se.*

JIM E. RYAN, Attorney General (BRIAN J. DEES, Assistant Attorney General, of counsel), for Respondent.

OPINION

Raucci, C.J.

This is a claim for loss of property pursuant to section 8(c) of the Illinois Court of Claims Act. (705 ILCS 505/8(c).) The Claimant seeks $218.75 for the alleged loss of various items of personal property alleged to have been lost through the fault or neglect of Respondent's Department of Corrections.

A hearing was held before Commissioner Robert H. Rath. Claimant testified that on March 11, 1997, he was packed at Menard Correctional Center for transfer to Joliet Correctional Center. He had a television and a fan which were in perfect condition. When Claimant got to the Joliet Correctional Center, both the television and the fan were destroyed. Claimant seeks $206 for the television and $12.75 for the fan. Those were the prices paid by him.

At the time of the loss, the fan was six months old; and the television was five years old. Claimant had lifetime guarantees on both.

The State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes voluntary exclusive possession of such property, as during the course of the transfer of an inmate between penal institutions. (*Lewis v. State* (1985), 38 Ill. Ct. Cl. 254; *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.) In the present case, the Claimant was transferred between penal institutions and received a receipt for his property. The record is uncontroverted that the Claimant's property was destroyed while in the voluntary exclusive possession of the Respondent. A loss of property while in the possession of a bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. (*Harris v. State* (1989), 41 Ill. Ct. Cl. 184, 188.) The State has not rebutted the presumption and is liable for the loss.

The question of damages remains. Regarding the value to be assigned to the lost and destroyed property, this Court has granted awards in cases where, although there were no receipts available, the Claimant's testimony regarding the value of property was credible enough to make an award. (*Seats v. State* (1994), 46 Ill. Ct. Cl. 418.) In *Seats*, this Court stated that values as established by the prisoner's own testimony are not speculative, but are to be weighted by the Court in conjunction with all the evidence before it, including the credibility and demeanor of the parties. (*Id.* at 420.) In the instant case, the Respondent put on no evidence to rebut the values established by Claimant. Furthermore, the prices listed appear to be reasonable and not inflated.

In some cases, this Court has awarded Claimants the full value of their property in bailment cases without allowing for depreciation, while in other cases, the Court has reduced the claimed amount by depreciation, usually amounting to one-third of the value of the property. When declining to consider depreciation, the Court has pointed out:

"* * * that a prisoner's situation is somewhat different from that of a civilian. When a prisoner loses an item, he must generally go to the commissary to purchase a replacement at the commissary's prices, and due to a prisoner's generally impoverished condition he often has to do without the lost item if not reimbursed adequately. An excessive assignment of depreciation effectively deprives the prisoner of his property. If the prisoner had a working television set when he was transferred, he should be entitled to a working television set when he arrives. If it does not work or is missing, he has nothing." *Seats*, 46 Ill. Ct. Cl. at 419, 420.

According to the Claimant's testimony, the fan was six months old and the television was five years old. Based upon the age of the goods, and the standards enunciated above, we find that depreciation of 25 percent should be applied to the television and that no depreciation should be applied against the fan. We award Claimant $12.75 for

the fan, and $154.50 for the television. The total award is therefore $167.25.

It is therefore ordered, adjudged and decreed that Claimant is awarded one hundred sixty-seven dollars and 25/100 ($167.25) in full and complete satisfaction of this claim.