(No. 98-CC-1111—)

LARRY J. RIAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 12, 2000.*

LARRY J. RIAL, *pro se.*

JIM E. RYAN, Attorney General (RANDALL C. STAUFFER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, C.J.

This is a claim for loss of property pursuant to the Illinois Court of Claims Act (705 ILCS 505/8(c)). The Claimant alleges that on June 22, 1995, his property was lost or destroyed while he and other inmates were being moved from one cell house to another following the installation of an intercom system in their cells at Stateville Correctional Center. The Claimant seeks $194.70 in damages as the result of the loss of his property, $50 for costs of litigation and an order for the Respondent to allow the Claimant to purchase replacement property.

A hearing was held before Commissioner Stephen R. Clark on June 24, 1999. Evidence at the hearing consisted

of the testimony of the Claimant. The Respondent filed a departmental report that included personal property inventories and permits. Through a request for admission, the Claimant presented another personal property inventory and receipts. No briefs were filed.

The Claimant testified that on or about June 22, 1996, he and other inmates in his cell block were moved, under the supervision of corrections officers, to other cells so that the State could install intercoms in the cells. The Claimant said he could not move all of his property at once, so he had to make more than one trip. He said that during the move, two boxes of his property were missing. The Claimant stated that he reported the property missing and later was informed by an officer from Internal Affairs that the property was found and would be returned to him. The property was not returned. No personal property inventories were made during the move.

According to the personal property inventory and receipts submitted by the Claimant and the personal property permits submitted by Respondent, the Claimant owned the following property lost during the move: headphones, beard trimmer, patchcords, mirror, radio, stapler, extension cord, leather briefcase, belt and gloves. The receipts and values placed on the property by the Claimant show the value of those items to be $157.04.

The Respondent offered no evidence beyond the departmental report.

We have held that the State has a duty to exercise reasonable care to safeguard and return an inmate's property when it takes actual physical possession of such property. (*Harris v. State* (1994), 46 Ill. Ct. Cl. 190; *Gammons v. State* (1981), 35 Ill. Ct. Cl. 271; *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.) Furthermore, the loss of bailed

property while in the possession of a bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. *Harris*, 46 Ill. Ct. Cl. at 193.

In the instant case, the Claimant has shown that the Respondent was in actual physical possession of his property. The property was in the custody of the Department when the Claimant was transferred. Therefore, there is a presumption of negligence by the Respondent which requires the Respondent to rebut this presumption by evidence of due care.

In this case, although the inmates were not moved as the result of an emergency, the Claimant was forced to leave some of his property behind during the move that was required by the prison. He was unable to carry all of his property at once, and the Respondent did not provide him with the means to do so. He left his property in the care of the Respondent, which then had a duty to exercise reasonable care to safeguard the Claimant's property. Respondent has failed to rebut the presumption of negligence.

Regarding the value to be assigned to the lost and destroyed property, this Court has granted awards in cases where, although there were no receipts available, the Claimant's testimony regarding the value of property was credible enough to make an award. (*Seats v. State* (1994), 46 Ill. Ct. Cl. 418.) In *Seats*, this Court stated that values as established by the prisoner's own testimony are not speculative, but are to be weighted by the Court in conjunction with all the evidence before it, including the credibility and demeanor of the parties. (*Id.* at 420.) In the instant case, the Respondent put on no evidence to rebut the values listed in the Claimant's bill of particulars. Furthermore, the prices listed appear to be reasonable and not inflated.

In some cases, this Court has awarded Claimants the full value of their property in bailment cases without allowing for depreciation, while in other cases, the Court has reduced the claimed amount by depreciation, usually amounting to one-third of the value of the property.

"When declining to consider depreciation, the Court has pointed out that a prisoner's situation is different from that of a civilian. When a prisoner loses an item, he must generally go to the commissary to purchase a replacement at the commissary's prices, and due to a prisoner's generally impoverished condition he often has to do without the lost item if not reimbursed adequately. An excessive assignment of depreciation effectively deprives the prisoner of his property. If the prisoner had a working television set when he was transferred, he would be entitled to a working television set when he arrives. If it does not work or is missing, he has nothing." *Seats*, 46 Ill. Ct. Cl. at 419-420.

In this case, the rationale from *Seats* is applicable. To replace the lost items, the Claimant would have to pay commissary prices. Allowing for a deduction of depreciation would effectively deprive Claimant of his property. The value of these items is $157.04. Claimant's requests for an order against Respondent and for costs are denied.

It is therefore ordered, adjudged and decreed that Claimant is awarded $157.04 (one hundred fifty-seven and 04/100 dollars) in full and complete satisfaction of this claim.